UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| CLIFFORD SKIDMORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 06-54-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| RON JOHNSON, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Plaintiff Clifford Skidmore, an individual incarcerated in the Harlan County Jail in Harlan, Kentucky, has filed a *pro se* complaint, pursuant to 42 U.S.C. §1983 and a motion to proceed *in forma pauperis*. His motion to proceed as a pauper will be granted by separate Order. The complaint is pending for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons to be discussed below, this action will be dismissed.

CLAIMS AND FACTUAL ALLEGATIONS

The Plaintiff claims that the Defendants, Circuit Judge Ron Johnson and Public Defender Robert Thomas, who is Skidmore's attorney, (1) have violated his speedy trial rights; and (2) have "changed a misdemeanor on an indictment to a felony on the same case number." The following is a summary or construction of the factual allegations in the Plaintiff's responses on a standard complaint form and attachments. [Record No. 1]

-1-

Skidmore claims that he has two indictments with the same case number and the defendant attorney would not allow him to show them to the judge. He attaches his arrest warrant and an indictment, both having Harlan Circuit Court number 05-CR-067. The warrant (dated February 9, 2005) charges him with, *inter alia*, "receiving stolen property *under* $300" while the indictment charges "receiving stolen property *over* $300, a Class D. felony." Skidmore asserts that as early as February of 2005, he unsuccessfully asserted his right to a speedy trial and has now been in jail for more than a year without trial. He asks, "Please allow me to go home, I'm tired of doing time after asking for a Fast and Speedy trial."

## DISCUSSION

Because the Plaintiff appears to be attempting to have a federal court dismiss an indictment or otherwise prevent a state court prosecution, this Court does not normally entertain such a claim. In *Brown v. Estelle*, 530 F.2d 1280 (5th Cir. 1976), for example, a similar prisoner claimed that his Sixth Amendment right to a speedy trial had been or was being violated. The Court held that a claim that indictments should be dismissed because of an already accomplished violation of a speedy trial right "amounts to an attempt to assert 'an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court.' 410 U.S. at 490." *Id*. at 1282-83 (quoting from *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)).

The *Brown* court reasoned that to permit a current action in federal court would "short circuit the judicial machinery of the state courts" in violation of a long line of United States Supreme Court precedent. *Id.* Such precedent demands that the prisoner must first try his state court remedies before coming to federal court. *See, e.g., Rose v. Lundy*, 455 U.S. 509 (1982).

If the state prisoner is unable to obtain the assistance of counsel with regard to his allegations that he had not been afforded the right to a speedy trial or if he attempts to secure a speedy trial failed in his attempts to exhaust his state court remedies, a federal court could consider the matter in a habeas proceeding. *Brown,* at 1283. In *Maust v. O'Grady*, 761 F.Supp. 543 (N.D. Ill. 1991), the court has explained the need for a state prisoner to try to obtain initially a state court remedy:

> The federal courts demonstrate a strong bias in favor of giving the state courts an opportunity to review the constitutional claims first. *Picard v. Connor*, 404 U.S. 270, 276 ... (1971); *Morrison v. Duckworth*, 898 F.2d 1298, 1300 (7th Cir. 1990). In order to address the comity concerns, principles of mandatory exhaustion of state remedies have been developed. *Braden*, 410 U.S. at 490.

*Id.* at 545-46.

With respect to Skidmore's possible state remedies, it is clear that he has a fundamental right guaranteed by Section 7 of the Kentucky Constitution to file a writ of habeas corpus. The statutory provisions of K.R.S. Chapter 419 implement the constitutional guarantee of the writ of habeas corpus in Kentucky. However, Skidmore has not indicated that he has even tried to file a petition for writ of a state habeas corpus in state court. Thus, the matter is not properly before this Court. Accordingly, this action will be dismissed without prejudice to the Plaintiff's right to bringing a later action, after exhausting all of his state court remedies. *Matlock v. Rose*, 731 F.2d 1236, 1239-41 (6th Cir. 1984). The state's highest court must have an opportunity to review the claims. *Castille v. Peoples*, 489 U.S. 346 (1989).

CONCLUSION

The Court being sufficiently advised, it is hereby

**ORDERED** that this action shall be **DISMISSED**, without prejudice, from the Court's docket. A separate Judgment shall be issued this date.

This 27th day of March, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge